1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| CHRIS KOHLER, | ) Civil No. 09cv2780 JAH (BLM) |
|---|---|
| Plaintiff, | ) **ORDER DENYING PLAINTIFF'S** |
| v. | ) **Rule 56(f) MOTION [Doc. No. 170]** |
| CHELSEA SAN DIEGO FINANCE, LLC., et. al., | ) **AND CONTINUING HEARING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | ) |

On September 28, 2010, Plaintiff filed a motion pursuant to Rule 56(f) of the Federal Rules of Civil Procedure to deny Defendant Hot Topic Inc.'s motion for summary judgment without prejudice to Defendant refiling after the close of discovery. Defendant's motion for summary judgment is set for hearing before the Court on October 12, 2010. Plaintiff contends Defendant Hot Topic has failed to respond to discovery requests and was recently ordered to respond to the pending requests no later than October 15, 2010, by the Honorable Barbara L. Major, United States Magistrate Judge. Plaintiff maintains he needs to receive and review the discovery responses, and depose Defendant's expert witness before he can intelligently respond to the motion for summary judgment.

Defendant opposes the motion. Defendant argues Plaintiff was required to have evidence to support his claim before filing his complaint pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, Plaintiff conducted an unauthorized site inspection and the discovery propounded by Plaintiff would have no bearing on the conditions alleged in

the complaint. Defendant further argues Plaintiff fails to identify any information relating to his claims that he needs to properly respond to the pending motion.

Rule 56(f) permits a district court to continue a motion for summary judgment when the party opposing the motion has not had an opportunity to make full discovery. Fed. R. Civ. P. 56(f); Celotex Corp. v Catrett, 477 U.S. 317, 326 (1986). The rule requires that the party seeking a continuance show that additional discovery would uncover specific facts which would preclude summary judgment. Maljack Productions, Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 888 (9th Cir. 1996). Thus, the party seeking a continuance "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." Simmons Oil Corp. v. Tesoro Petroleum Corp., 86 F.3d 1138, 1144 (Fed. Cir. 1996) (quoting S.E.C. v. Spence & Green Chem. Co., 612 F.2d 896 (5th Cir. 1980)).

More specifically, a party seeking to continue a motion for summary judgment must: (1) set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) show that those facts exist; and (3) explain why those facts are essential to resisting the motion for summary judgment. State of California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998), *cert. denied* 525 U.S. 822 (1998).

Plaintiff fails to identify any facts he hopes to elicit and how those facts are essential to responding to the pending motion. Instead he makes "vague assertions" that discovery is necessary to respond to the motion for summary judgment. This is insufficient to support relief under Rule 56(f). However, in light of the time frames for production of discovery and the hearing on the pending motion, along with Plaintiff's failure to file a substantive response, the Court finds it appropriate to continue the hearing on its own motion.[1]

Accordingly, IT IS HEREBY ORDERED:

1.  Plaintiff's Rule 56(f) motion to deny Defendant's motion for summary

---

[1] Plaintiff's counsel is warned that filing a Rule 56 motion unaccompanied by a substantive response may not produce a similar result.

judgment without prejudice to bringing the motion after close of discovery is **DENIED without prejudice**;

2. The hearing on Defendant's motion for summary judgment set for October 12, 2010 is **VACATED** and rescheduled to **November 8, 2010 at 2:30 pm**.

3. Plaintiff shall file a response to the motion for summary judgment **on or before October 22, 2010**.

4. Defendant may file a reply **on or before October 29, 2010**.

DATED: October 6, 2010

JOHN A. HOUSTON
United States District Judge