UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS KOHLER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CHELSEA SAN DIEGO FINANCE, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 09cv2780-JAH (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY [ECF No. 175] AND DENYING GUESS RETAIL, INC.'S MOTION TO STAY [ECF No. 174]** |

Pending before the Court are Plaintiff's motion to compel discovery (ECF No. 175) and Defendant Guess Retail, Inc.'s motion for a stay of discovery (ECF No. 174). Having considered the briefing filed by the parties and all applicable law, the Court **GRANTS** Plaintiff's motion and **DENIES** Defendant Guess Retail, Inc.'s motion.

### **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff initiated suit against Guess Retail, Inc. ("Guess"), as well as numerous other businesses located in the Las Americas retail establishment, for alleged violations of the Americans with Disabilities Act ("ADA"), California's Disabled Persons Act, California's Unruh Civil Rights Act, and California's Health and Safety Code. ECF No. 1. The barriers Plaintiff alleges he encountered at the Guess facility are as follows: (1) "no space beside the dressing room bench for a wheelchair," (2) failure to designate the accessible dressing room with an International Symbol of Accessibility ("ISA"), (3) a dressing room door that is not self-closing, and (4) "no

1  handle mounted below the dressing room door lock." Id. ¶¶ 79 & 91.

2  On June 9, 2010, Guess filed a motion seeking summary judgment as to the first barrier (the length of the dressing room bench) or, in the alternative, a stay of the case pending the Ninth Circuit Court of Appeal's resolution of the same issue in another case. ECF No. 146. On July 22, 2010, while Guess's summary judgment motion was pending, Plaintiff served Guess with seven interrogatories, sixteen requests for production, and twelve requests for admission. Mem. P. & A. Supp. Mot. to Compel ("Pl.'s Mem.") at 2. Guess responded to all of the discovery requests with objections, providing no substantive responses or documents. See Decl. of Peter Leonard Supp. Pl.'s Mot. to Compel ("Leonard Decl."), Ex. A. When the parties were unable to resolve their differences during meet and confer efforts, Plaintiff filed the instant motion to compel responses to its discovery requests and Guess filed its motion to stay discovery pending the district judge's resolution of Guess's motion for summary judgment. Each party timely opposed the other's motion. ECF Nos. 184 & 185. Guess filed a reply in support of its motion to stay. ECF No. 90. Plaintiff did not file a reply in support of its motion to compel.

## LEGAL STANDARD

The scope of discovery is defined by Federal Rule of Civil Procedure 26(b). Pursuant to that rule, litigants may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense..." Fed. R. Civ. P. 26(b)(1). If good cause is shown, "the court may order discovery of any matter relevant to the subject matter involved in the action." Id. Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence." Id.

"District courts have broad discretion in determining relevancy for discovery purposes," Surfvivor Media, Inc. v. Survivor Prod., 406 F.3d 625, 635 (9th Cir. 2005), and in placing limits on discovery requests in order to prevent abusive practices, see Fed. R. Civ. P. 26(b)(2); see also Crawford-El v. Britton, 523 U.S. 574, 598-599 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). However, a court *must* limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is

more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Similarly, district courts are directed to limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Absent agreement of the parties or court order to the contrary, responses to interrogatories, requests for production, and requests for admission must be served within thirty days after service of the discovery requests. Fed. R. Civ. P. 33(b)(2) (interrogatories); Fed. R. Civ. P. 34(b)(2)(A) (requests for production); Fed. R. Civ. P. 36(a)(3) (requests for admission). If the party to whom a request for admission is directed does not serve a written answer or objection to each request within thirty days after being served, the matter is deemed admitted. Fed. R. Civ. P. 36(a)(3).

## DISCUSSION

The pending motions turn on a fundamental disagreement as to the scope of Guess's pending summary judgment motion. Guess contends that its summary judgment motion "is case-dispositive and, if granted, will obviate the need for any further proceedings, including discovery, in this case." Mem. P. & A. Supp. Mot. for a Stay ("Guess's Mem.") at 2. As a result, Guess asserts that discovery should be stayed to preserve judicial and party resources. Id.; Guess's Opp'n to Pl.'s Mot. to Compel at 1-4; see also Guess's Reply Supp. Mot. for a Stay at 1. Plaintiff, on the other hand, believes Guess's summary judgment motion relates only to one of the barriers Plaintiff identified in his complaint. Pl.'s Opp'n to Guess's Mot. to Stay at 2. Plaintiff argues that because the summary judgment motion has not been resolved and because the complaint asserts claims not addressed in the summary judgment motion, he is entitled to conduct discovery. Id. at 2-3.

A court may stay discovery pending resolution of a summary judgment motion when the motion is potentially case-dispositive. See Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (upholding district court's stay of discovery pending resolution of a case-dispositive immunity issue); but see N.L.R.B. v. Safeway Stores, Inc., 622 F.2d 425, 429 (9th Cir. 1980) (noting that a discovery stay pending resolution of a case-dispositive motion is not automatic). However, in this case, Guess has not established that its pending summary judgment motion is

case-dispositive. The complaint asserts four barriers, the summary judgment motion appears to address only one barrier, and the record before this Court does not demonstrate either that Plaintiff has abandoned his claims regarding the other three barriers alleged in his complaint or that these allegations are legally insufficient. See, e.g., Mem. P. & A. Supp. Guess's Mot. for Summ. J. at 1 (summary judgment motion addresses dressing room bench length only); Pl.'s Opp'n to Guess's Mot. to Stay at 2 (acknowledging same); see also Pl.'s Opp'n to Guess's Mot. for Summ. J. at 3-4 (arguing Guess should have sought partial summary judgment because Plaintiff alleged three other barriers besides the bench length in his complaint). As a result, the Court declines to stay discovery and **DENIES** Guess's motion to stay.

Because the Court finds that a complete stay of discovery is inappropriate, the Court must consider Plaintiff's motion to compel discovery. In their briefing papers, the parties agree that Plaintiff served discovery and that Guess served timely objections, without any substantive responses, to all of the discovery requests. Pl.'s Mem. at 2; Guess's Mem. at 2; Leonard Decl. ¶¶ 4-5; Decl. of Joel R. Meyer Supp. Guess' Opp'n to Mot. to Compel, Exs. A-F (copies of Plaintiff's discovery requests and Guess's responses). Moreover, the parties do not disagree about specific discovery requests; rather, Plaintiff seeks supplemental, substantive responses to all of its discovery requests and Guess, while implicitly acknowledging that supplemental responses might be necessary, seeks to delay providing its supplemental responses until the court rules on the pending motion for summary judgment. Id. Because the parties did not present any specific discovery disputes to the Court, the Court declines to rule on the validity of each of the objections asserted by Guess. Instead, the Court **GRANTS** Plaintiff's motion to compel and orders Guess to provide supplemental discovery responses to Plaintiff. See Fed. R. Civ. P. 26(b)(1) (party is entitled to discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense...").

///
///
///
///

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to compel and **DENIES** Guess's motion for a stay. Guess is ordered to provide supplemental responses to the interrogatories, requests for production, and requests admission described in Plaintiff's motion to compel on or before **December 15, 2010**.

**IT IS SO ORDERED**.

DATED: November 30, 2010

*Barbara L. Major*

BARBARA L. MAJOR
United States Magistrate Judge